IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES A. COGLEY                    )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )   Civil Action No. 09-852
                                   )
ALLSTATE INSURANCE COMPANY,        )
                                   )
          Defendant.               )
                                   )

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                October 21, 2009

          This is a breach of contract case.  Plaintiff, James

Cogley, proceeding pro se, alleges that defendant, Allstate

Insurance Co., breached the terms of an insurance policy and acted

in bad faith.  [Doc. No. 4].  Plaintiff purchased a landlord

insurance policy from defendant.  After the property suffered fire

damage, defendant denied plaintiff's claim.  Plaintiff claims the

denial was in breach of the insurance contract and that the

defendant acted in bad faith.  Defendant has filed a motion to

dismiss plaintiff's complaint pursuant to Fed. R. Civ . P 12(b)(6).

According to defendant, it denied plaintiff's claim because he

filed it outside the one year time limit established in Section I

of the contract.  [Doc. No. 11].  For the reasons set forth below,

the motion will be denied.

          In considering a Rule 12(b)(6) motion, we must be mindful

that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, states "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, 515 F. 3d 224, 231-32 (3d Cir. 2008). However, the court is not "bound to accept as 'true legal conclusions couched as factual allegation.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and

all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129, S.Ct. at 1949; Twombly, 550 U.S. at 555; Phillips, 515 F.3d at 230-31; Rowinski v. Salomon Smith Barney Inc., 398 F. 3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 555, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 555. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

It is on this standard that the court has reviewed defendant's motion. Defendant argues that the terms of the contract preclude plaintiff from bringing a lawsuit more than one year after the date of the loss. However, based on the pleadings of record and the briefs filed in support of and opposition thereto, the court is persuaded that plaintiff has alleged facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). This is particularly true in light of plaintiff's status as a pro se litigant. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir.

3

2004)(stating that <u>pro</u> <u>se</u> complaints in particular should be construed liberally)(citing Fed. R. Civ. P. 8(f)).  The terms of the contract, their meaning and the circumstances surrounding the claim are best determined after discovery has taken place.  At that time, defendant may move for summary judgment, if appropriate.  Defendant's motion to dismiss plaintiff's complaint will, therefore, be denied without prejudice.

An appropriate order follows.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES A. COGLEY        )
                       )
        Plaintiff,     )
                       )
    vs.                )    Civil Action No. 09-852
                       )
ALLSTATE INSURANCE COMPANY,   )
                       )
        Defendant.     )
                       )

ORDER

AND NOW, this 21ST day of October, 2009, IT IS HEREBY
ORDERED that defendants's motion to dismiss plaintiff's complaint
[Doc. No. 11] is DENIED, without prejudice.

BY THE COURT:

Gary L. Lancaster
Chief Judge,
United States District Court

cc:  All counsel of record